**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, | : |
| Plaintiff, | : **Criminal No. 98-318 (FLW)** |
| v. | : **MEMORANDUM** |
| WILLIE LEE GOODMAN, | : **OPINION** |
| Defendant. | : |

**WOLFSON, United States District Judge:**

1. This matter having been opened by Defendant Willie Lee Goodman ("Goodman"), seeking an award of credit on his federal sentence for time served while he was in state custody on a prior state parole violation conviction, and it appearing that:

2. This case was recently reassigned to me on January 30, 2012. The docket reveals that Goodman was indicted on federal crack cocaine charges on May 26, 1998.

3. At the time he was indicted, Goodman was serving time on a New Jersey state court murder conviction from 1978. See Presentence Investigation Report at 32. Goodman was subsequently paroled and released from custody on July 29, 1997. However, he violated his parole and was sentenced on that parole violation on May 15, 1998 to a term of fifteen months. He was set to complete his term on June 2, 2001, although he became eligible for parole on that violation as of March 25, 1999. See id.; Goodman Mov. Br., Exh. 4 (Parole Eligibility Notice).

4. The instant indictment is based on acts committed while Goodman was on parole

1

following his release from custody on July 29, 1997 on the initial state charge but before he was reincarcerated on the parole violation charge. Specifically, the federal indictment charges Goodman with conduct committed on January 30, 1998 and February 24, 1998.

5. Goodman pled guilty to the federal indictment and was sentenced to 198 months imprisonment on June 24, 1999 by the Honorable Garrett E. Brown, U.S.D.J. (retired) ("District Judge"). At the time of sentencing, Goodman was still serving his fifteen-month state parole violation sentence. His March 1999 eligibility date for parole on that conviction, however, had passed by his federal sentencing date although his fifteen-month term had not yet passed.

6. In sentencing Goodman, the District Judge explained that the federal sentence was to run "consecutively to the [state] term of imprisonment imposed on the violation of parole ...." Tr. of Sent. Hrg. dated June 21, 1999 at 36:23 - 37:3. The judge cited U.S.S.G. 5G1.3, Note 6, in support of the sentence imposed. At the time of the sentencing, that Note provided:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, <u>the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release</u>. See § 7B1.3 (Revocation of Probation or Supervised Release) (setting forth a policy that any imprisonment penalty imposed for violating probation or supervised release should be consecutive to any sentence of imprisonment being served or subsequently imposed).".

U.S.S.G. § 5G1.3 (1997), Application Note 6 (emphasis added).[1]

---

[1] Note 6 has since been amended, however, it is consistent with the prior language. The current version provides that "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." <u>Id.</u>, Application Note 3(C).

7. The record indicates that Goodman began serving his federal sentence on April 7, 2000. See U.S. Probation Office Inmate Skills Development Plan dated November 8, 2011 at 1. Thereafter, Goodman requested that the District Judge review his case to determine if he could receive credit on his federal sentence for the time served while in state custody after his parole eligibility date.[2] The District Judge responded by way of a letter dated June 28, 2001, in which he indicated:

> It is my understanding that the Federal Bureau of Prisons has authority over calculating jail credit. Their guidelines provide that a federal sentence commences on the date on which it is imposed. In your case you were sentenced on June 21, 1999, to a term of 198 months in federal custody. Prior to the imposition of that sentence, you were a state prisoner, serving a sentence for violation of parole. It is unfortunate that your state parole and ultimate transfer to federal custody was administratively delayed and that you were released beyond your parole eligibility date into federal custody. Since you were a state prisoner prior to the imposition of the federal sentence and serving a state prison term, you are not eligible for what is essentially double credit for the time served.

Goodman Mov. Br., Exh. 1.

8. Thereafter, Goodman filed the instant motion for award of credit for the time served. He contends, in response to the 2001 letter, that

> I was not seeking 'dual' credit but rather credit from the time my federal sentence commenced — at time [sic] of completion of the state parole violation term. Since the State of New Jersey held me far beyond the completion of that term, before turning me over to the Federal Bureau of Prison, some 286 days go without any credit. The BOP does not commence calculation until one becomes a federal prisoner.

---

[2] The Court has not been provided with a copy of this letter request, and it does not appear on the docket. However, the Court has gleaned the nature of Goodman's request from Judge Brown's June 28, 2001 letter.

Goodman further argues that, under the Third Circuit's decision in Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), superceded by, U.S.S.G. § 5G1.3(c) app. Note 3(E) (2003), the District Judge had the authority to award him credit on his federal sentence for time served on his preceding state sentence.[3]

9. I first address Goodman's contention that he was held in state custody beyond the completion of his state sentence. As noted above, Goodman was eligible for parole on his state parole violation charge as of March 25, 1999. He was subsequently transferred to federal custody on April 7, 2000. This means that he spent the time from his March 25, 1999 parole eligibility date through April 7, 2000 in state custody. Thus, while Goodman was held in state custody beyond his parole eligibility date, contrary to Goodman's assertion, he was not held "far beyond the completion of [his parole violation] term."[4]

10. Turning to Goodman's citation to Ruggiano, that 2002 decision confirmed that sentencing judges had the authority to impose a retroactively concurrent sentence under § 5G1.3(c) to account for time spent in state custody on a prior conviction. See 307 F.3d at 131; Escribano v.

---

[3] It is important to note that there is a distinction between a sentencing judge's authority to grant credit for time served and the Bureau of Prison's authority "even though the benefit to the defendant may be the same." See Escribano v. Schultz, 330 Fed.Appx. 21, 22 n.5 (3d Cir. 2009). According to Ruggiano, the sentencing court had authority under § 5G1.3(c) to "adjust" a sentence whereas the BOP has authority under 18 U.S.C. § 3585(b) to "credit" a sentence. See Ruggiano, 307 F.3d at 131-33. In addition, section 3584 governs the authority of the sentencing court to impose a sentence that runs concurrent to a state sentence. Id. at 132.

[4] In that connection, the Court notes that New Jersey's parole statute directs that "[a]n adult inmate shall be released on parole at the time of parole eligibility, unless . . . the inmate has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the inmate will violate conditions of parole imposed ...." N.J.S.A. 30:4-123.53a. The state parole board applies this statute to determine whether to grant or deny parole on the eligibility date. See id. On the instant motion before this Court, Goodman has not argued or presented any evidence that the state parole board determined that he was to be released on his eligibility date.

4

Schultz, 330 Fed.Appx. 21, 22 n.6 (3d Cir. 2009). Ruggiano was subsequently abrogated by a 2003 amendment to the § 5G1.3 Application Notes that expressly prohibits adjustments for "time served on a prior undischarged term of imprisonment." Escribano, 330 Fed.Appx. at 23 n.6 (discussing § 5G1.3). Nevertheless, at the time of Goodman's sentencing, sentencing judges could choose to impose a concurrent federal sentence for the purpose of fashioning an overall term of imprisonment that "result[ed] in reasonable incremental punishment for the multiple offenses." Ruggiano, supra at 129. See U.S. v. Wise, 515 F.3d 207, 220 (3d Cir. 2008) ("[W]e will continue to expect that district courts will calculate the applicable sentencing ranges using the Guidelines extant at the time of sentencing, and we will continue to review the propriety of a sentence based on those same Guidelines.").[5]

11. While Ruggiano confirmed that sentencing judges had the authority to award concurrent federal sentences, Ruggiano's holding is of no use to Goodman. In reviewing requests for adjustments to sentences imposed prior to Ruggiano's abrogation, the Third Circuit has looked to the sentencing proceedings "[t]o determine what type of credit the sentencing court intended to apply in [defendant's] case ...." Escribano, 330 Fed.Appx. at 23. Here, the District Judge expressly stated that he was awarding a consecutive sentence—not retroactively imposing a concurrent sentence. See Tr. of Sent. Hrg. dated June 21, 1999 at 36:23 - 37:3. Moreover, the District Judge made no mention of adjusting Goodman's sentence to reflect the time served while he remained in state custody after his parole eligibility date but before completion of his sentence. Thus, while the

---

[5] The only two exceptions to this rule are when application of the guideline would present an ex post facto problem, or where a subsequent amendment merely clarifies the law in existence at the time of sentencing. Wise, 515 F.3d at 220. Neither of these scenarios is present here.

5

District Judge had the authority to impose a retroactively concurrent sentence under § 5G1.3(c) to account for that time served, he did not do so here.

12. That the District Judge did not intend to adjust Goodman's sentence is further evinced by the judge's reference to Application Note 6, which explicitly discourages sentencing judges from imposing concurrent sentences where the defendant previously had his parole revoked on a state term of imprisonment. See also U.S.S.G. §5G1.3(c) (1997), Application Note 6 (describing U.S.S.G. § 7B1.3 as "setting forth a policy that any imprisonment penalty imposed for violating probation or supervised release should be consecutive to any sentence of imprisonment being served or subsequently imposed.").

13. Accordingly, for the foregoing reasons, Goodman's motion for an award of credit is DENIED.


Dated: June 4, 2012 /s/ Freda Wolfson
Honorable Freda L. Wolfson
United States District Judge